UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED BENJAMIN MIMMS, Booking #17141130,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: 3:17-cv-02539-LAB-BGS<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DISMISSING CIVIL ACTION AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A(b)(1)** |

JARED BENJAMIN MIMMS ("Plaintiff"), currently detained at San Diego Central Jail ("SDCJ") and proceeding pro se, has filed a Complaint naming the United States of America as the sole Defendant, and seeking his "transfer to Fort Knox" based on what appear to be claims that his ongoing state criminal prosecution is the result of a San Diego Sheriff's Department scheme to entrap him. *See* ECF No. 1 at 1-3.

Plaintiff has not prepaid the $400 filing fee required to commence civil action pursuant to 28 U.S.C. § 1914(a), instead has he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2.

1

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner at the time of filing, he may be granted leave to proceed IFP, but he nevertheless remains obligated to pay the entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). A "prisoner" is defined as "any person" who at the time of filing is "incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h); *Taylor*, 281 F.3d at 847.

In order to comply with the PLRA, prisoners seeking leave to proceed IFP must also submit a "certified copy of the[ir] trust fund account statement (or institutional equivalent) ... for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *see Taylor*, 281 F.3d at 850. Thereafter, the institution having custody of the prisoner

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. See 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June. 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards them to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

While Plaintiff has filed a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), he has not attached a certified copy of his SDCJ trust account statements for the 6-month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2. Section 1915(a)(2) clearly requires that prisoners "seeking to bring a civil action ... without prepayment of fees ... *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) ... for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added).

Without Plaintiff's trust account statements, Plaintiff's IFP Motion is incomplete and must be DENIED because the Court is unable to assess the appropriate amount of the initial filing fee statutorily required to initiate the prosecution of this action. *See* 28 U.S.C. § 1915(b)(1).

**II.    Screening of Complaint pursuant to 28 U.S.C. § 1915A**

In addition, while the Court would ordinarily grant Plaintiff leave to correct his IFP Motion's deficiencies, it instead finds it appropriate to screen his Complaint pursuant to 28 U.S.C. § 1915A because at the time of filing Plaintiff was, and remains, "incarcerated or detained in any facility [because he] is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1284 (9th Cir. 2017) (citing 28 U.S.C. § 1915(h), 1915A(c); 42 U.S.C. § 1997e(h)).

Section 1915A "mandates early review—'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016). The mandatory screening provisions of

§ 1915A apply to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee. *See, e.g. Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000). "On review, the court shall … dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas*, 856 F.3d at 1283 (quoting 28 U.S.C. § 1915A(b)). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

A pleading is "factual[ly] frivolous[]" if "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 25-26 (1992). Section 1915 gives courts "the unusual power to pierce the veil" of a Complaint like Plaintiff's and to "dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). Clearly baseless factual allegations include those "that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton*, 504 U.S. at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327, 328).

Plaintiff invokes no arguable legal basis for his suit, and his factual allegations are plainly frivolous. *Id.; see also O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) ("An in forma pauperis complaint is frivolous if it has no arguable basis in fact or law." (citation and internal quotation marks omitted)). For example, Plaintiff claims that the "People of the State of California have noticed his pedigree and have designed an entrapment to steal his life based on height, weight, and face alone." *See* ECF No. 2. He contends the Sheriff's Department stole his $275 Allen Edmunds shoes, his $1000 Brooks' Brothers suit, a Nordstrom's tie, a Hugo Boss shirt, committed a "grand theft" of case his files, and have falsely described him as "emaciated at 130 pounds," even though he has maintained that weight "since running cross country at Poway High School." *Id.* at 3. In addition, Plaintiff purports to be the victim of a "hacker" and former business

4

partner's plot to "assassinate" him because he is the only person who can "take him down" for participating in a "swatting" scheme.[2] *Id.* at 3.

While conclusory, disjointed, and incoherent, Plaintiff's factual allegations appear to be grounded in delusion, are facially irrational, and wholly incredible. Therefore, his Complaint demands sua sponte dismissal pursuant to 28 U.S.C. § 1915A(b)(1). *See Denton*, 504 U.S. at 25-26; *Neitzke*, 490 U.S. at 324; *see also Suess v. Obama,* 2017 WL 1371289, at *2 (C.D. Cal. Mar. 10, 2017) (dismissing as frivolous complaint alleging conspiracy among President, CIA, and FBI to torment plaintiff over six year period); *Frost v. Vasan,* No. 16-CV-05883 NC, 2017 WL 2081094, at *1 (N.D. Cal. May 15, 2017) (dismissing as frivolous claims against a United States Senator, a university, two corporate entities, and additional unspecified defendants for having allegedly conspired with a secret elite group of businessmen and the CIA to torment him); *Sierra v. Moon*, 2012 WL 423483, at *2 (E.D. Cal. Feb. 8, 2012) (dismissing as frivolous an alleged conspiracy by defendants with ex-military and CIA to defraud plaintiffs' interests and murder him); *Demos v. United States*, 2010 WL 4007527, at *2 (D. Ore. Oct. 8, 2010) (dismissing as frivolous complaint alleging plaintiff was captured by pirates disguised as law enforcement officers); *Reid v. Mabus*, 2015 WL 9855875, at *1 (D. Ore. Nov. 16, 2015) (dismissing complaint alleging a massive conspiracy targeting 300,000 individuals with "electronic harassment").

If a Plaintiff's claims are frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend." *Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc).

---

[2] "Swatting is the harassment tactic of deceiving an emergency service (via such means as hoaxing an emergency services dispatcher) into sending a police and emergency service response team to another person's address. This is triggered by false reporting of a serious law enforcement emergency, such as a bomb threat, murder, hostage situation, or other alleged incident." *See generally* https://en.wikipedia.org/wiki/Swatting (last visited Feb. 13, 2018).

| | |
|---|---|
| 1 | **III. Conclusion and Order** |
| 2 | For the reasons discussed, the Court: |
| 3 | 1) **DENIES** Plaintiff's Motion to Proceed IFP [ECF No. 2]; |
| 4 | 2) **DISMISSES** this civil action as frivolous pursuant to 28 U.S.C. |
| 5 | § 1915A(b)(1); |
| 6 | 3) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant |
| 7 | to 28 U.S.C. § 1915(a)(3); and |
| 8 | 4) **DIRECTS** the Clerk of the Court to enter a final judgment of dismissal and |
| 9 | to close the file. |
| 10 | **IT IS SO ORDERED**. |

Dated: February 20, 2018

_____
HON. LARRY ALAN BURNS
United States District Judge